UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LEONARDO BARRIOS,**

        **Plaintiff,**

v.                                                                                    Case No: 6:24-cv-1731-PGB-DCI

**EASY FLOWERS BY YOU, INC.,**
**MARIA GABRIELA ANDRADE,**

        **Defendants.**

**ORDER**

Plaintiff initiated this case against Defendants Maria Gabriela Andrade (Defendant Andrade) and Easy Flowers By You, Inc. (Defendant Easy Flowers) for constructive discharge and unpaid minimum wages and overtime under the Fair Labor Standards Act (FLSA). Doc. 1. Pending before the Court is Plaintiff's Motion for Default Judgment against Defendant Andrade. Doc. 23 (the Motion). The Clerk entered a default against Defendant Andrade (Doc. 16) and Plaintiff now seeks final default judgment pursuant to Federal Rule of Civil Procedure 55(b). Doc. 23. Plaintiff states that "[s]ervice of process upon the corporate Defendant, Easy Flowers by You Inc has not been effectuated." *Id*. at 1 n.1. A return of service dated May 20, 2025 has since been filed for Defendant Easy Flowers. Doc. 28. Defendant Easy Flowers has not appeared in the case, but an answer or response is not yet due. *See id*. at 2.

The Motion is due to be denied because relief risks offending the prohibition against inconsistent judgments. "[I]n cases involving more than one defendant, a judgment. . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*

*by* 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

As the court in *Nationwide* explained:

> [I]f the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant.

*Id*. "The purpose behind not entering a default judgment against a defendant when a co-defendant has appeared is the prohibition against logically inconsistent judgments." *United States CFTC v. Montano*, 2019 WL 11648519, at *3 (M.D. Fla. July 15, 2019) (citing *Frow*, 82 U.S. at 554). "This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments." *Nationwide*, 2011 WL 6752561 at *6 (collecting cases). The Eleventh Circuit has also stated that it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

Here, Plaintiff brings two counts for relief against both Defendants for unpaid wages and overtime (Count I) and constructive discharge (Count II). Doc. 1. As relief for both counts, Plaintiff requests that the "Court enter judgment in his favor and against Defendants" and award unpaid wages and overtime pursuant to the FLSA. *Id*. at 5, 6.

As such, the Court finds that the rationale of *Frow* applies, and the Court should withhold addressing the merits of Plaintiff's request for default judgment. *See Nautilus Ins. Co. v. LB Ent., LLC*, 2024 WL 5090070, at *2 (M.D. Fla. Dec. 12, 2024) ("[C]ourts under similar circumstances have withheld addressing the merits of a motion for default judgment in a multi-defendant insurance declaratory judgment action when at least one defendant is defending against the claim.") (collecting cases).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 23) is **DENIED without prejudice**; and

2. Plaintiff may renew the request, if appropriate, in conjunction with a timely motion for default judgment that includes both Defendants (if Defendant Easy Flowers is also subject to a clerk's default) or within **TWENTY-ONE (21) DAYS** of resolution of this matter against Defendant Easy Flowers (if Defendant Easy Flowers appears and litigates this case).

Ordered in Orlando, Florida on June 4, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE